United States v. Rafael Tanco-Pizarro We're very glad this argument can take place this morning. Your co-counsel had to come from Puerto Rico and there was some question about whether he could make it. We're happy you're both here. You came down from Maine? I did. Proceed. Thank you. My name is Gail Latouf and I represent Mr. Tanco-Pizarro in this matter. If the court would permit, I'd like to reserve two minutes for rebuttal. Yes, you may. This is a supervised release revocation that involved criminal conduct as one of the grounds for revocation that was also charged in a separate and parallel criminal prosecution in the District of Puerto Rico. The central theme of this case is that although the guideline range for revocation based on criminal history 2 and a BNC violation was 6 to 12 months, the court varied upward to 60 months, which was the statutory maximum, even though he knew there was pending charges for that same criminal conduct for which the defendant was most likely to be charged. I acknowledge that the line between procedural and substantive sentences is often blurred, but I'm going to do my best to separate those out and would like to, if the court would permit, would like to start with the 3553A2A issue. Do you concede that this is plain error review? Sorry, but it's my job to ask you those questions. Actually, I don't believe it is because many of these issues were raised in a motion for reconsideration. It's too late. Is it plain error review when both the procedural and the substantive ground? Well, my understanding of court case law in this circuit is that where you have a reasonableness argument, it starts out with abuse of discretion, and I believe that abuse of discretion applies to the substantive reasonableness. And I believe that it should continue to apply to the substantive reasonableness argument because that really is essentially the nature of substantive reasonableness is discretion. So when the court reviews whether the district court issued a defensible sentence, that necessarily involves an analysis by the appellate court of its discretion. So even if we adopt a lesser standard review on the substantive reasonableness, doesn't your client fail on that as well? I don't believe so. Why not? Given what the judge said, given the nature of what happened here, why is this substantively unreasonable, even on a lower standard? When we allude to some of those issues in my brief, one factor I would raise, I'd refer back to also opinions written by Judge Selya and Judge LaPaz. The court said in Montero, Montero was, there's the statutory, I mean the guideline recommended range, the high range is 12, and then to jump to 60 months. Yes, but you have a series of facts which are laid out here as to this particular defendant. Remember he had stopped reporting to his probation officer. He had been missing for some period of time and had not reported in. His original crime was a gun crime. When he's picked up this time, he has a series of guns in the vehicle. He's only picked up by happenstance. He gets in an accident. So I'm all these factors which in any even reasonableness test, the district judge can look at and balance it all together as the district judge said he did to make it sufficient. I actually disagree with the question whether he did balance because Mr. Tanko Pizarro served successfully four years of probation, of supervised release before the violation. But the violation occurred. He's a fugitive at that point. And when he's picked up, he's picked up with the very same instruments that he was sentenced for originally. Actually, when he's picked up, he's got a semi-automatic machine gun and 50 rounds of ammunition in his car. And I know there's some dispute about, you know, whether it was an automatic weapon or not. That strikes me as irrelevant. But the judge says, look, this guy violated the law. He was given a chance. He violates the law again. And he's found with these dangerous weapons and I need to protect the public. Right? So what's wrong? How is that an abuse of discretion? John, from 12 to 6 images, if the court would permit, give us some examples where the judgment also eliminates a possibility of disparity among other persons. If he had violated three or four times, this might be a different situation. This was his first violation. So when you're looking at... No, no, no. He doesn't show up at his supervisor's office. He violates the terms of parole. And he commits this criminal offense after he's been told no more criminal offenses. That he's caught is because he has an auto accident and they find all these firearms in the car. I'm sorry, Your Honor. I think I was lumping together that this was the first revocation proceeding because the failure report and the possession of the firearm were considered and factored together. So I apologize. That's why I said that it was his first violation. I should have been more clear and said it was his first motion to revoke, which puts him in a qualitatively different situation than someone who's been revoked several times. Frequently we see someone is revoked and gets two or three months. Then they're revoked again, gets a year. And then they're revoked on the third situation. And there, I think, there might lead to an argument that a huge leap might be justified. But in this case, the only way to get to a justification of the 60 months is to punish the criminal conduct, which is also going to be punished in the separate criminal offense. Look, you've made two legal arguments that the circuit has flatly rejected. And that's one of them. The other one is that the court could not have considered the 3553A2A aspects of the sentence. In Vargas de Vila, we rejected your argument. So I hope you're not relying on those. And you're back to abuse of discretion review. I'm sorry, Your Honor. As I laid out my reply brief, I thought I was distinguishing the situation. I didn't understand Vargas de Vila to answer definitively whether A2A could be considered. I think it does. But thank you for that clarification. On behalf of the United States, Mr. Tonko-Bizzaro's sentence in this case was procedurally and substantively reasonable. As Your Honor mentioned, the original case involved a 924C violation, where Mr. Tonko had a firearm in furtherance of a drug trafficking crime.  Not only did he disappear for a series of months, approximately 10 months, but after that when he was found, he was found with an AK-47 rifle, a Glock, which it was disputed whether it was automatic. The judge didn't consider that it was automatic, especially upon request of the government, which advised that at this point there wasn't sufficient evidence to determine that it was automatic. So that was a non-issue. In addition, he was found with multiple magazines as well as ammunition. And in this case, that was sufficient for the district court to find that there was a breach of trust and that it was sufficient to justify a maximum sentence of 60 months based on what the prior violation was. In response to- Was there any evidence, perhaps it came up in the criminal case, as to why he had this arsenal with him in his car? Your Honor, the United States is not aware specifically of the purpose for the arsenal in the plea agreement. And I don't have the statement of facts from the plea agreement before me for the criminal case, but it was sufficient that whether it was to further drug trafficking activity or not, that amount of firearms and ammunition, as we've seen, is very dangerous to society. And was a danger to himself, considering that he flipped the car and, you know, he could have even injured himself in the new criminal case. And he was driving a luxury car? It was a BMW, Your Honor. Just to address the standard of review, we submit that for the procedural reasonableness argument, that it is plain error. There is some debate whether for the substantive reasonable argument, whether it's a plain error or abuse of discretion, but we submit that under either standard, there's enough in this record. My sister counsel mentioned Montero, Montero matter, and we submit that- It has always struck me as odd that once a judge imposes a sentence, since there are very limited circumstances in which the judge can reverse him or herself, that it could be something other than abuse of discretion, because you don't know to object until the sentence has been imposed. That's correct, Your Honor. But during the sentencing hearing, once the sentence is announced, the defendant has the opportunity to object on both grounds. But what purpose does an objection serve in that situation if the judge can't do anything about it once the sentence is imposed? Well, the judge could technically do something about it. The defendant could remind the judge of, you know, perhaps facts that were overlooked. No, I'm saying once the sentence is actually imposed, there are very limited circumstances in which the judge can change his or her mind. And is there a seven-day period for defendants to suggest facts that were overlooked in the sentencing? I'm just a little fuzzy about what the exceptional circumstances are, but certainly Judge Thompson is correct that there's very limited power once you've announced a sentence. That's correct, Your Honor. But during the sentencing hearing, we suspect that there is some leeway for the judge to possibly reconsider before it's adjourned. You can certainly object to the PSR. You can object to the judge taking into consideration certain sentencing guidelines, factors. But it's neither here nor there. This isn't the case. I believe we're going to have to worry about that. Okay, Your Honor. If there's no further questions, the United States requests that the court affirm the lower court's judgment. Thank you, Your Honor. How's the airport? It's a nightmare. Nightmare? Enjoy your stay in Boston. Yes, go ahead. I'm actually going to respond to your question, which is what remedy or opportunity would a defendant have once a sentence has been issued? And it's precisely what defense counsel did in this matter, which is file a motion for reconsideration. And that was filed within six days of the sentence. Because once a judge sentences, in terms of practical matter, the likelihood of success if you stand there chastising a judge at the time of sentencing that he's wrong. No, you're respectfully objecting, right? Not chastising the judge. Yes, we always respectfully object. But I would suggest that a judge is not as pleased by that type of argument. Well, if it doesn't come until after sentencing when it should have been made before sentencing, there might be a reason for that displeasure. I understand your judgment. I'm not. But my position is that once a sentence is imposed at the time of sentencing, the ability at that moment is limited. The sentence has already occurred. So when he's supposed to object, he's already sentenced him. And then generally the remedy or the practice would be to file a motion for reconsideration, laying out in a thoughtful manner the reasons why the defendant believes that the sentence was incorrect. When you're standing there in the courtroom after your client's been sentenced, the viability of an objection is less than providing a thought-out, carefully articulated objection in the form of a motion for reconsideration. Okay, thank you. That was helpful to get defense counsel's perspective on it. Thank you. Thank you both.